### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Bedford Associates, *et al.*,** | ) | **CASE NO. 16 CV 2471** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Willie Coleman, a.k.a Willie** | ) | |
| **Coleman Ali El, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendant Willie Coleman, acting *pro se*, initiated this action by filing a Notice of Removal. (Doc. No. 1.) He is purporting to remove an action for a temporary restraining order and preliminary and permanent injunction filed against him and an unincorporated entity allegedly used by him as an alias in the Cuyahoga County Court of Common Pleas. *Bedford Associates, et al. v. Willie Coleman, a.k.a. Willie Coleman Ali El, et al.*, Case No. CV 16-869226 (Gallagher, J.) (the "state action"). The plaintiffs in the state action have filed motion to remand the action to state court. (Doc. No. 3). For the reasons stated below, the motion is granted.

### Background

The plaintiffs are individuals and businesses asserting they have no financial relationship with the defendants. They filed a Verified Complaint in the state action on September 19, 2016, alleging the defendants were sending them threatening correspondence and filing fraudulent and illegal liens and security instruments with the Ohio Secretary of State and Cuyahoga County

Fiscal Officer pertaining to a commercial building owned by plaintiff Bedford Associates.  The state court complaint sets forth seven counts, including counts for injunctive relief preventing the defendants from continuing to file fraudulent and illegal liens and security instruments relating to plaintiffs and engaging in other conduct (count I); for mental distress and menacing by stalking (count II); for malicious prosecution based on defendants' allegedly filing a frivolous case in federal court (count III); for slander of title (count IV); for common law fraud (count V); for fraudulent conduct purportedly carried out pursuant to the Ohio Uniform Commercial Code (count VI); and for publishing slanderous and defamatory statements in public records (Count VII).

The state court granted the plaintiffs' request for a temporary restraining order the day the state action was filed.  In addition, on October 4, 2016, after conducting a preliminary injunction hearing at which the defendants failed to appear, the state court granted the plaintiffs' request for a preliminary injunction.

The defendants filed their Notice of Removal with this Court on October 7, 2016.

**Analysis**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  District courts have original jurisdiction over civil actions that arise under federal law, and that involve parties of diverse citizenship where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§1331; 1332(a).  The party seeking removal bears the burden of demonstrating that the district court has original

-2-

jurisdiction, and the "'removal statute should be strictly construed and all doubts resolved in favor of remand.'"  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).  A case must be remanded if it appears at any time that the court lacks subject-matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

The plaintiffs contend the action presents no federal claim over which this Court has subject-matter jurisdiction and must be remanded.  They contend there is no federal question jurisdiction because "no constitutional claim, federal statute or other federal question" is presented on the face of their state-court complaint, which they assert alleges only "common law State law claims."  (Doc. No. 3 at 6.)  In addition, they contend there is no diversity jurisdiction because all of the plaintiffs and all of the defendants are residents of the State of Ohio.  (*Id.*)

The defendants have not responded to the plaintiffs' motion, or demonstrated a valid basis for an exercise of federal subject-matter jurisdiction over the case.  The defendants' Notice of Removal is nonsensical and does not clearly set forth a valid basis for an exercise of federal subject-matter jurisdiction.

In sum, upon review, the Court agrees with the plaintiffs that federal subject-matter jurisdiction is lacking in this case.

## Conclusion

Accordingly, for the reasons stated above, the plaintiffs' motion to remand is granted, and this action will be remanded to state court in accordance with 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

                           /s/ Patricia A. Gaughan
                           PATRICIA A. GAUGHAN
Dated: 11/28/16               United States District Judge